IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Bankruptcy Case No. 02-13283 (PJW) |
| GRUPPO ANTICO, INC. f/k/a TREND | ) | |
| HOLDINGS, INC., et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| ANTICO VACCA TECHNOLOGIES, | ) | |
| INC. f/k/a TREND TECHNOLOGIES, | ) | Adversary Proceeding No. 04-53358 |
| INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action No. 04-1461-KAJ |
| ETCHED MEDIA CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

This is a bankruptcy case.  Before me is Etched Media Corporation's

("Defendant") motion to withdraw the reference (Docket Item ["D.I."] 2; the "Motion").

For the reasons that follow, the Motion is granted.[1]

On April 29, 2004, Trend Technologies, Inc. ("Plaintiff") commenced this action

by filing a Complaint to avoid and recover preferential transfers pursuant to 11 U.S.C.

§§ 547, 550.  (D.I. 1, Ex. B at 3-4.)  On July 23, 2004, Defendant filed its Answer, in

which it demanded a jury trial and, pursuant to Fed. R. Bankr. P. 7087, a transfer of the

adversary proceeding to a district in California.  (D.I. 1, Ex. C at 7-8.)  On August 5,

2004, Defendant filed a motion to transfer adversary proceeding, or, in the alternative,

to withdraw reference.  (D.I. 1.)  On October 21, 2004, the Bankruptcy Court entered an

_____

[1]The Motion as filed with the Bankruptcy Court also asked for reconsideration of
that court's decision on a motion to transfer.  As the Bankruptcy Court no longer has
jurisdiction, that aspect of the Motion is denied as moot.

order denying Defendant's motion to transfer venue. (D.I. 2 at 2.) On November 1, 2004, the present Motion was filed. (D.I. 2.)

In the Court below, Defendant argued that the proceeding should be transferred to the United States District Court for the Northern District of California on the grounds that the interests of the parties are better served because most of the witnesses and evidence is located there. (D.I. 1 at 1-2.) Alternatively, Defendant argued, the reference should be withdrawn from the Bankruptcy Court because the asserted claims are attended by a right to a jury trial. (*Id.* at 2.)

Plaintiff argued that (1) assertion of the right to a jury trial is insufficient to show that statutory cause exists to withdraw the reference, (2) Defendant would have another opportunity to forum shop by renewing its motion to transfer in the District Court, and (3) withdrawal at this early stage of the proceedings would be a waste of judicial resources. (D.I. 19 at 13-17.)[2] Alternatively, if grounds for withdrawal exist, Plaintiff argued that, in the interest of judicial economy, a decision on withdrawal should be deferred until the case is ready for trial. (*Id.* at 17-18.)

In determining whether to grant or deny a motion to withdraw the reference, "this Court will consider ... whether withdrawal would serve judicial economy, such as the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *NDEP Corp. V. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 913 (D. Del. 1996). "Another factor sometimes considered by

---

[2]Docket item 19 refers to an entry in the Bankruptcy Court's record.

2

courts analyzing whether withdrawal is appropriate is whether the parties have requested a jury trial." *Id*. at 908 (internal quotations omitted). Here, although the Plaintiff asserts that all pretrial matters in this proceeding should be remanded to the Bankruptcy Court for reasons of judicial economy, or the Motion should be deferred for reasons of judicial economy, the Plaintiff provides no explanation in support of those contentions. Further, returning the matter to the Bankruptcy Court would not promote uniformity in the bankruptcy administration, reduce forum shopping, foster the economical use of the parties resources, or expedite the bankruptcy process. On the contrary, it appears that considerations of judicial economy favor withdrawal. Because it is essentially conceded that Defendants are entitled to a jury trial, it will likely be more efficient for this court to manage the case through the pretrial process. *Cf. NDEP*, 203 B.R. at 913 (quoting *Gumport v. Growth Fin. Corp. (In re Transcon Lines)*, 121 B.R. 837, 838 (C.D. Cal. 1990)) ("Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation.").

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to withdraw reference (D.I. 2) is GRANTED and the reference of the above Adversary Proceeding Number 04-53358 is WITHDRAWN. IT IS FURTHER ORDERED that Defendant's motion for reconsideration of order dated October 21, 2004, denying Defendant's motion to transfer is DENIED as moot.

July 1, 2005
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

3